Ms. Cathyrn Hinshaw, Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion concerning Act 371 of 1991. Specifically, you pose the following question:
 When a member has purchased credited service for military service after twenty years of service, as allowed by Act 371 of 1991, when does an additional benefit become payable for the additional two years of service credit? Does it become payable upon purchase of the credit, or is it payable back to the effective date of Act 371, which was July 15, 1991?
The act does not specifically address this question. It does not state when any additional benefit is payable. It does not, in fact, expressly address the purchase of military service credit by members who have already retired. This office has previously construed Act 371 (codified at A.C.A. § 24-11-418 (Cum. Supp. 1991)), however, as authorizing the purchase of military service credit by former members of the system, meaning members who have already retired. See Op. Att'y Gen. 91-108, copy enclosed.See also generally Op. Att'y. Gen. 91-234 (discussing federal law regarding retirement credit for military service).
The act contains no evidence of legislative intent as to when this benefit becomes payable. Without the benefit of legislative clarification or a judicial interpretation, we can thus provide no definitive conclusion to your question.
I will note, however, that I can find no basis in the act for making the additional benefit payable "back to the effective date of Act 371." The act merely states that a person "who is or was a member" of the policemen's pension and relief fund can purchase up to two years of service credit for time spent on active duty in the military. The act provides, for a member with twenty years of service, for payment of employee and employer contributions (computed based upon the time he first became a member), with interest, from the date of eligibility to the date of purchase. The requirement of the payment of interest, in my opinion, without more, does not indicate an intention to make the additional benefit resulting from the purchase payable back to the effective date of Act 371.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh